UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION 3:16-CV-00700-TBR

PATTY LUCKETT                                                                                    PLAINTIFF

v.

SPRINT COMMUNICATIONS, INC.                                                     DEFENDANT

**Memorandum Opinion and Order**

This matter is before the Court upon Defendant Sprint Communications, Inc.'s motion to dismiss. [DN 16.] Plaintiff Patty Luckett responded, [DN 22], and Sprint replied, [DN 23]. Fully briefed, this matter is ripe for adjudication. For the following reasons, Sprint's motion [DN 16] is GRANTED IN PART and DENIED IN PART.

**I. Facts and Procedural History**

Relevant to Sprint's motion, the facts of this case are straightforward and undisputed. Patty Luckett was a full-time Sprint employee. [DN 1-1 at 5.] During her employment, Luckett participated in Sprint's short-term and long-term disability benefits plans. [*Id.*] At some point, Sprint denied Luckett's claim for short-term disability benefits. [*Id.*] Luckett filed suit, alleging Sprint's denial violated the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* (ERISA). [*Id.* at 6.] Luckett also claims that Sprint's denial of short-term benefits functioned as a *de facto* denial of long-term benefits. [*Id.* at 5-6.]

Sprint removed Luckett's suit to this Court, *see* [DN 1], and then moved to dismiss, [DN 16]. Sprint argues that Luckett's short-term benefits claim must fail because that plan was not an ERISA plan, and Luckett's claim is therefore barred by the release agreement she signed upon leaving her employment at Sprint. *See* [DN 16-7 at 2-4.] Further, while Sprint acknowledges that Luckett's long-term benefits plan is subject to ERISA, it says Prudential Insurance Company of America, not Sprint, is the claims administrator with responsibility and control over Luckett's claim for long-term disability. Luckett responded, [DN 22], and Sprint replied, [DN 23].

## II. Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough factual matter to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Should the well-pleaded facts support no "more than the mere possibility of misconduct," then dismissal is warranted. *Id.* at 679. The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of

the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677-79).

### III. Discussion

A. Short-Term Disability Plan

The parties agree that Luckett signed a release agreement wherein she "agreed to . . . release and forever discharge Sprint . . . from any and all liability, actions, and claims . . . arising out of [her] employment relationship with Sprint," including actions for breach of contract.[1] [DN 16-7 at 2.] In consideration for her release of claims, Sprint paid Luckett 38 weeks' salary, plus an additional $1,000.00. [*Id.*] However, the release carves out Luckett's "claim[s] for benefits under . . . the Separation Plan or any other Sprint employee benefit plans governed by [ERISA]." [*Id.*] Luckett does not currently dispute the validity of her release, nor does she argue that if Sprint's short-term disability plan falls outside ERISA, her claim for short-term benefits could still proceed. *See generally* [DN 22.] Thus, with respect to the instant motion, the dispositive issue on Luckett's first claim is whether Sprint's short-term disability benefits plan is an ERISA plan.

---

[1] In ruling upon Sprint's motion to dismiss, the Court may consider both the plan documents and Luckett's release agreement. The plan documents may be considered part of the pleadings because they are referenced in Luckett's complaint and are central to her claims. *Haviland v. Metro. Life Ins. Co.*, 730 F.3d 563, 565 n.1 (6th Cir. 2013) (citing *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)). Similarly, the Court may consider Luckett's release agreement because it "does not rebut, challenge, or contradict anything in [her] complaint" – although, for the reasons explained below, the release is not dispositive at this time. *Carrethers v. Sec'y of the Army*, No. 3:16-cv-00062-CRS, 2016 WL 4132497, at *3 (W.D. Ky. Aug. 3, 2016) (citing *Song v. City of Elyria, Oh.*, 985 F.2d 840, 842 (6th Cir. 1993)).

Luckett argues that Sprint's short-term plan is indeed governed by ERISA. Citing *Workers v. Yardman*, 716 F.2d 1476, 1483 (6th Cir. 1983), Luckett says that "[i]f an employer intends to supply benefits to an employee the benefits and plan that governs them are subject to ERISA." [DN 22 at 3.] But Luckett paints with too broad a brush. The Sprint plan itself does not explicitly state that it is an ERISA plan, so the Court must first look to the statutory definition. ERISA defines an "employee welfare benefit plan" as

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, [or] death.

29 U.S.C. § 1002(1).

However, Department of Labor regulations remove from this definition certain "payroll practices," including "(1) [p]ayment of an employee's normal compensation, (2) out of the employer's general assets, (3) on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons (such as pregnancy, a physical examination or psychiatric treatment)." 29 C.F.R. § 2510.3-1(b)(2) (subdivisions added). Sprint argues that its short-term disability benefits plan falls under the "payroll practices" exception, which the Supreme Court upheld in *Massachusetts v. Morash*, 490 U.S. 107, 116-19 (1989).

4

Other courts have held that short-term disability plans are in fact "payroll practices" under 29 C.F.R. § 2510.3-1(b)(2), thus falling outside the scope of ERISA. *See, e.g.*, *Foster v. Sedgwick Claims Management Services, Inc.*, 824 F.3d 721 (D.C. Cir. 2016). Indeed, Sprint cites to several plan provisions seeming to demonstrate that its short-term benefits plan constitutes payment of the employee's normal compensation during periods of disability – the first and third elements of the "payroll practices" exception. *See* [DN 16-5 at 6] (short-term benefits constitute 75% of employee's earnings); *Martin Marietta Energy Sys., Inc. v. Indus. Comm'n of Ohio*, 843 F. Supp. 1206, 1211 (S.D. Ohio 1994) ("normal compensation" may be less than employee's regular wage). However, Sprint cites no plan provision supporting its assertion that "the [short-term disability] plan is paid by [Sprint] out of its general assets," nor is the Court aware of the same. [DN 23 at 6.] And for Sprint's short-term plan to fall under the "payroll practices" exception and outside ERISA, Sprint must necessarily show that short-term benefits are paid out of its general assets. Because the source of funds is not apparent from the face of Sprint's plan, dismissal of Luckett's claim for short-term benefits is inappropriate at this time.

B. Long-Term Disability Plan

Unlike the short-term plan, Sprint's long-term disability plan explicitly states that it is subject to ERISA. *E.g.*, [DN 16-3 at 4.] Nevertheless, Sprint argues that Luckett's claim for long-term benefits must be dismissed because Prudential, not Sprint, is the claims administrator. The Court agrees.

5

"An employer who does not control or influence the decision to deny benefits is not the fiduciary with respect to denial of benefit claims." *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 438 (6th Cir. 2006) (citing *Chiera v. John Hancock Mut. Life Ins. Co.,* 3 F. App'x 384, 389 (6th Cir. 2001)). Instead, "[w]hen an insurance company administers claims for employee welfare benefit plans and has authority to grant or deny claims, the insurance company is a 'fiduciary' for ERISA purposes." *Id.* (citing *Libbey-Owens-Ford Co. v. Blue Cross & Blue Shield Mut. of Ohio,* 982 F.2d 1031, 1035 (6th Cir. 1993)). Stated otherwise, "[u]nless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits." *Ciaramitaro v. Unum Life Ins. Co. of Am.*, 521 F. App'x 430, 438-39 (6th Cir. 2013) (quoting *Daniel v. Eaton Corp.,* 839 F.2d 263, 266 (6th Cir. 1988)).

Here, it is apparent from the face of Sprint's long-term disability benefits plan that Prudential is the proper party defendant. Although Sprint is listed as the "Plan Administrator," the Summary Plan Description states that plan benefits are provided by Prudential. [DN 16-3 at 3.] Further, Prudential "as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits." [*Id.*] Other plan provisions only serve to strengthen this conclusion. *See, e.g.*, [DN 16-4 at 17] (Prudential determines when covered employee is disabled); [*id.* at 20] (Prudential will pay benefits after disability determination); [*id.* at 32] (Prudential will pay survivor benefits). In her response to Sprint's motion, Luckett fails to point to any

6

contrary language in the long-term benefits plan.² *See Ctr. for Biological Diversity v. Rural Utils. Serv.*, 2009 WL 3241607, at *3 (E.D. Ky. Oct. 2, 2009) (citing *Humphrey v. U.S. Att'y Gen.'s Ofc.*, 279 F. App'x 328, 331 (6th Cir. 2008)) ("When a party fails to respond to a motion or argument therein, the Sixth Circuit has held that the lack of response is grounds for the district court to assume opposition to the motion is waived, and grant the motion.")

The Sixth Circuit has repeatedly reached this same conclusion. For example, in *Moore*, the court upheld the district court's dismissal of the employer, MTA, who was listed as the "plan administrator," when the insurer, Lafayette, was the "claims administrator" who "exercised full authority in adjudicating Plaintiff's claim for benefits." *Moore*, 458 F.3d at 438. In another case, *Ciaramitaro*, the Sixth Circuit held that the plaintiff's "conclusory assertions without any factual support that [the employer] 'instructed' or 'influenced' [the insurer] to deny Plaintiff her benefits are insufficient to survive a motion to dismiss." *Ciaramitaro*, 521 F. App'x at 439 (footnote omitted) (citing *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011)); *see also Smith v. Com. Gen. Corp.*, 589 F. App'x 738, 744–45 (6th Cir. 2014) (holding insurer, not employer, was the plan fiduciary and therefore the proper defendant in plaintiff's ERISA suit). In this case, even drawing all reasonable inferences in Luckett's favor, her complaint still fails to allege a plausible theory upon which she could recover long-term disability benefits from Sprint, because Prudential controlled the administration of

---

² In fact, one could argue that Luckett concedes that Prudential, not Sprint, is the proper party defendant: "[T]he [long-term disability benefits plan] is administered and paid by Prudential Insurance (a firm that is not a party to this action)." [DN 22 at 1.]

7

that plan. Luckett's claim against Sprint for long-term disability benefits must be dismissed.

## VI. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED:

Defendant Sprint Communications, Inc.'s motion to dismiss [DN 16] is GRANTED IN PART and DENIED IN PART. Plaintiff Patty Luckett's claim against Sprint for long-term disability benefits is DISMISSED WITH PREJUDICE. Luckett's claim against Sprint for short-term disability benefits may proceed.

CC: Counsel of Record